UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Judgment Creditor,

v.                                                                12 CR 884 (DLC)

RUVIN KATZ and BEN ZION KLIOT,                **FINAL ORDER OF GARNISHMENT**

                  Judgment Debtors,

       and

METLIFE,

                  Garnishee.

    WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served Writs of Garnishment on the Garnishee, MetLife, for substantial nonexempt property belonging to or due the jointly and severally liable Judgment Debtors, RUVIN KATZ and BEN ZION KLIOT (Dkts. 235-39);

    WHEREAS, on April 16, 2025, the Garnishee filed Answers with the Court and served copies of same on the Government and the Judgment Debtors (Dkts. 241-42);

    WHEREAS the Garnishee has in its possession, custody, or control the following property, subject to market fluctuation, belonging to or due the Judgment Debtors: (1) annuity ending in 4931 with an approximate value of $99,498 for BEN ZION KLIOT; and (2) annuity ending in 5210 with an approximate value of $89,620 for RUVIN KATZ;

    WHEREAS, in compliance with the FDCPA, the Government served the Judgment Debtors with the garnishment process on May 6, 2025 (Dkts. 244-45);

    WHEREAS the FDCPA requires the Judgment Debtor to file a claim for exemption, objection to the Garnishee's answer, or request for a hearing within 20 days after service under 28

**Final Order of Garnishment – Page 1**

U.S.C. §§ 3202(d) and 3205(c)(5), that time has expired, and neither the Court nor the Government has received any such filing by or on behalf of either Judgment Debtor;

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after the Garnishee files an answer, if no hearing is requested within the required time-period, the Court shall promptly enter an order directing the Garnishee as to the disposition of the Judgment Debtor's nonexempt interest in the property held by the Garnishee;

WHEREAS the Judgment Debtors are jointly and severally liable for $91,806 in unpaid restitution owed to the victims of their crime under the MVRA;[1] and

WHEREAS it is undisputed that the Government is entitled to garnish the substantial nonexempt property of each Judgment Debtor held by the Garnishee, *see United States v. Shkreli*, 47 F.4th 65, 71 (2d Cir. 2022) (holding that "[t]he MVRA expressly states that criminal restitution orders may be enforced against *all* property or rights to property, making quite clear that absent an express exemption, all of a defendant's assets are subject to a restitution order."); *United States v. Bess*, 357 U.S. 51, 56-57 (1958) (life insurance is property or rights to property to which federal lien attaches); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (affirming garnishment of retirement funds, holding that "the only property exempt from [18 U.S.C. § 3613] is that which the government could not reach for the payment of federal income taxes").

IT IS HEREBY ORDERED that the Garnishee, MetLife, shall liquidate securities as needed to pay to the Clerk of Court the sum certain amount of $45,903 from each Judgment Debtor's account, totaling $91,806, to satisfy their outstanding joint and several restitution debt;

---

[1] The Court also imposed forfeiture money judgments against each judgment debtor (Dkts. 122, 130), for which the Government intends to seek a substitute asset order for the funds held by MetLife to satisfy the unpaid forfeiture debts in accordance with 21 U.S.C. § 853(p).

**Final Order of Garnishment – Page 2**

Payments shall be made by a certified check made payable to "Clerk of Court" with "No. 12 CR 0844" written on the face of the payment mailed to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier; and

The only criminal monetary imposition resolved by this Final Order of Garnishment is the joint and several restitution debt. MetLife shall continue to hold the remaining funds due or owing to RUVIN KATZ and BEN ZION KLIOT until further order regarding their separate forfeiture debts.

Dated: New York, New York
       August 18, 2025

_____
UNITED STATES DISTRICT JUDGE